UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YING LI, BY ROBERT J. MUSSO, CHAPTER 7 BANKRUPTCY TRUSTEE<br><br>Plaintiff,<br><br>v.<br><br>MULTICULTURAL RADIO BROADCASTING, INC.,<br><br>Defendant. | ECF CASE<br><br>No.:<br><br><u>COMPLAINT</u> |

Plaintiff Ying Li, by Robert J. Musso, Chapter 7 Bankruptcy Trustee and her Special Counsel Lipsky Lowe LLP, asserts the following:

<u>NATURE OF THE ACTION</u>

1. On or about February 16, 2019, Li filed a Chapter 7 bankruptcy proceeding in the U.S. Bankruptcy Court of the Eastern District of New York (19-40928).

2. Robert J. Musso is serving as the Permanent Trustee.

3. This cause of action is an estate asset which the Trustee is administering.

4. Plaintiff Ying Li worked for Defendant Multicultural Radio Broadcasting, Inc. ("MRBI") as Program Director from 2015 to January 4, 2019, when she was fired.

5. Plaintiff Li asserts against MRBI claims of (i) unpaid overtime under the New York Labor Law and Fair Labor Standards Act, and (ii) retaliation under the Labor Law and FLSA.

<u>JURISDICTION & VENUE</u>

6. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over the Labor Law claims under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff Li's FLSA claims under 29 U.S.C. § 216(b

7. Venue is proper in this District under 28 U.S.C. §1391(b)(2).

8. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

9. Plaintiff Li was, at all relevant times, an adult individual, residing in Brooklyn, New York, Kings County.

10. MRBI is a foreign business corporation that is organized under New Jersey law and authorized to do business in the State of New York. Its corporate headquarters is located at 40 Exchange Place, Suite 1010, New York, New York 10005.

11. Upon information and belief, MRBI is an enterprise engaged in commerce or in the production of goods for commerce. MRBI is engaged in commerce or in the production of goods for commerce, because, inter alia, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00. These goods and services include computers, paper and furniture.

## STATEMENT OF FACTS

12. MRBI is a media company based in New York City founded by Chinese-American businessman Arthur Liu. It caters mostly to the Asian American community and owns television and radio stations in several of the top markets in multiple languages.

13. MRBI employed Plaintiff Li as Program Director January 7, 2013 to January 4, 2019, when it fired her.

14. Her primary duties throughout these years were the same: she would collect, organize and record information that is routine or already public.

15. Her primary duties did not include contributing a unique interpretation or analysis to the news product; she did not conduct investigative interviews; she did analyze or interpret public events; nor did she act as a narrator or commentator.

Hours Worked[1]

16. Her regular work schedule was from 5:30 a.m. to 3:00 p.m., during which she was not provided an uninterrupted 30-minute break, equaling a 9.5 hour shift.

17. Li worked Monday to Friday, totaling 47.5 hours worked per week.

18. Li worked extra hours beyond her 47.5 hour schedule.

19. Li worked, on average, an extra 3 hours per week above and beyond her 47.5 weekly schedule.

20. She worked these extra hours going to meetings and attending weekend events.

Compensation

21. From January 2013 to January 2018, MRBI paid Plaintiff Li an annual salary of $42,000.00.

22. From January 2018 to January 4, 2019, MRBI paid Plaintiff Li an annual salary of $48,000.00.

23. Plaintiff Li's annual salary was fixed; it did not increase if she worked additional hours.

24. MRBI did not pay Plaintiff Li overtime premium pay for any week when she worked more than 40 hours.

Retaliation

---

[1] The headers are only for organizational purposes.

25. Throughout her employment, Plaintiff Li complained to Sherman Ngan (General Manager) about MRBI not paying its employees overtime premium pay.

26. It is well known throughout MRBI that Ngan does not like his decisions to be challenged and that he retaliates against those who complain about company policy.

27. Plaintiff Li's last complaint about not getting paid overtime was in or about September 2018.

28. On January 4, 2019, MRBI terminated her employment.

29. No legitimate, non-retaliatory reason exists for terminating her employment.

30. Ngan did not offer any legitimate reason for terminating her employment.

31. Liu terminated Li's employment because she complained about not getting paid overtime.

32. Up through her employment being terminated, Plaintiff Li was a good employee who never received any disciplinary action but, instead, received positive performance reviews.

33. Plaintiff Li, since her termination, has not secured a new job making at or above what she made at MRBI and has suffered emotional distress, loss of sleep, headaches, mental anguish, and emotional pain.

FIRST CAUSE OF ACTION
FAILURE TO PAY OVERTIME UNDER THE FLSA

34. Plaintiff Li repeats every preceding allegation as if set forth fully herein.

35. MRBI has been and continues to be, an employer engaged in interstate commerce or the production of goods for commerce under the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

36. MRBI employed Plaintiff Li within the meaning of the FLSA.

37. MRBI misclassified Plaintiff Li as exempt from overtime under the FLSA.

38. MRBI was required to pay Plaintiff Li no less than 1.5 times the regular rate at which she was employed for all hours worked in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

39. At all relevant times, MRBI had a policy and practice of refusing to pay Plaintiff Li for all hours worked over 40 per workweek, violating the FLSA and its regulations, including 29 C.F.R. §§ 785.13, 785.11.

40. MRBI was aware or should have been aware that the practices described in this Complaint were unlawful, making its violations willful or reckless.

41. MRBI did not made a good faith effort to comply with the FLSA with respect to Plaintiff Li's compensation.

42. Because MRBI's violations of the FLSA have been willful, a three-year statute of limitations applies under 29 U.S.C. § 255.

43. MRBI has failed to make, keep and preserve records with respect to its employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1), 215(a) and 216(b).

44. As a result of MRBI's FLSA violations, Plaintiff Li has suffered damages by being denied overtime pay in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under 29 U.S.C. § 216(b), and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
## UNPAID OVERTIME UNDER THE NEW YORK LABOR LAW

45. Plaintiff Li repeats every preceding allegation as if set forth fully herein.

46. MRBI is an "employer" under the N.Y. Lab. Law §§ 190, 196-d, 651(5), 652 and supporting New York Statement Department of Labor Regulations and employed Plaintiff Li.

47. MRBI misclassified Plaintiff Li as exempt from overtime under the Labor Law.

48. Under the Labor Law and supporting New York Statement Department of Labor Regulations, MRBI was required to pay Plaintiff Li 1.5 times her regular hourly rate for all hours worked over 40 in a week.

49. MRBI failed to pay her overtime premium pay for any hour she worked over 40 in a week, violating the Labor Law. 12 N.Y.C.R.R. § 142-2.2.

50. MRBI has willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff Li the correct amount of overtime wages.

51. Due to MRBI's Labor Law violations, Plaintiff Li is entitled to recover from MRBI her unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest. N.Y. Lab. Law § 663.

THIRD CAUSE OF ACTION
RETALIATION UNDER THE FLSA

52. Plaintiff Li repeats every preceding allegation as if set forth fully herein.

53. Plaintiff Li is an employee under 29 U.S.C. § 215(a)(3).

54. MRBI is an employer under 29 U.S.C. § 215(a)(3).

55. Plaintiff Li's complaints about MRBI not paying her overtime constitute protected activity under the FLSA.

56. MRBI willfully terminated Plaintiff Li for complaining about not getting paid overtime, violating 29 U.S.C. § 215(a)(3).

57. Due to MRBI's FLSA violations, Plaintiff Li is entitled to recover from MRBI compensatory damages, punitive damages, reasonable attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

### FOURTH CAUSE OF ACTION
### RETALIATION UNDER THE LABOR LAW

58. Plaintiff Li repeats every preceding allegation as if set forth fully herein.

59. Plaintiff Li is an employee under N.Y. Lab. Law § 215.

60. MRBI is an employer under N.Y. Lab. Law § 215.

61. Plaintiff LI'S complaints about MRBI not paying her overtime constitute protected activity under the Labor Law.

62. MRBI terminated Plaintiff Li for complaining about not getting paid overtime, violating N.Y. Lab. Law § 215.

63. Due to MRBI's Labor Law violations, Plaintiff Li is entitled to recover from MRBI punitive damages, reasonable attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

WHEREFORE, Plaintiff Li respectfully requests this Court grant the following relief:

    a.    A declaratory judgment that the practices complained of herein are unlawful under the Labor Law and FLSA;

    b.    Extending the FLSA's statute of limitations from 2 to 3 years;

    c.    An injunction against MRBI and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

      d.      An award for unpaid overtime premium pay under the Labor Law and FLSA;

      e.      An award of liquidated damages as a result of MRBI's willful Labor Law and FLSA violations;

      a.      An award of pre-judgment and post-judgment interest;

      b.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

      c.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Li, by Robert J. Musso, Chapter 7 Bankruptcy Trustee, demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
         January 21, 2022

                      LIPSKY LOWE LLP

                      s/ Douglas B. Lipsky
                      Douglas B. Lipsky
                      420 Lexington Avenue, Suite 1830
                      New York, New York 10170
                      212.392.4772
                      doug@lipskylowe.com