UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YING LI, *by Robert J. Musso Chapter 7 Bankruptcy Trustee*,

                Plaintiff,

– against –

MULTICULTURAL RADIO BROADCASTING, INC.,

                Defendant.

**OPINION & ORDER**

22-cv-572 (ER)

RAMOS, D.J.:

    Ying Li, through her Chapter 7 Bankruptcy Trustee Robert. J. Musso,[1] brought this action against her former employer, Multicultural Radio Broadcasting, Inc ("MRBI") for violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Doc. 1. Before the Court is MRBI's motion for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(c). Doc. 37. For the reasons set forth below, Defendant's motion is GRANTED.

## I.    BACKGROUND[2]

    MRBI is a media company based in New York City that caters mostly to the Asian American community and owns television and radio stations in several of the top markets. ¶ 12. MRBI employed Li as Program Director from January 7, 2013 to January 4, 2019, when it fired her.[3] ¶ 13. During the course of her employment, Li's primary duties were to "collect, organize and record information that is routine or already public." ¶ 14.

---

[1] For simplicity, the Court will refer to the plaintiff as Li, even if it may technically be Li's bankruptcy estate.

[2] Unless otherwise noted, citations to "¶ __" refer to the complaint (Doc. 1).

[3] There is a discrepancy in the complaint regarding whether Li began working for MRBI in 2013 or in 2015. *Compare* ¶ 4 ("Li worked for [MRBI] as Program Director from 2015 to January 4, 2019, when she was fired."), *with* ¶ 13 ("MRBI employed Plaintiff Li as Program Director [from] January 7, 2013 to January 4, 2019, when it fired her.").

According to Li, MRBI did not pay her overtime premium pay for any week when she worked more than 40 hours, and her employment was terminated by MRBI because she complained about not being paid overtime.  ¶¶ 24, 31.  Li's regular work schedule was from 5:30 a.m. to 3:00 p.m., totaling 9.5 hours per shift and 47.5 hours per week.  ¶¶ 16–17.  Additionally, Li alleges that she worked, on average, an extra three hours per week beyond her weekly schedule by going to meetings and attending weekend events.  ¶¶ 19–20.  MRBI paid Li an annual, fixed salary, which did not increase if she worked additional hours.  ¶ 23.  Throughout her employment, Li complained to MRBI's general manager, Sherman Ngan, about the failure of MRBI to pay its employees overtime premium pay.  ¶ 25.  Li's last complaint about not getting paid overtime was in September 2018.  ¶ 27.

MRBI terminated Li's employment on January 4, 2019.  ¶ 28.  Li alleges there was no legitimate, non-retaliatory reason for terminating her employment because she received positive performance reviews while employed and had never been subject to disciplinary action.  ¶¶ 29, 32.

Unable to secure another job, on February 16, 2019, Li filed for bankruptcy in the United States Bankruptcy Court of the Eastern District of New York ("the Bankruptcy Court"), commencing a Chapter 7 proceeding ("the Bankruptcy Case") ¶¶ 1, 33; *see also* Doc. 39-2 (Bankruptcy Case Docket) at 1.[4]  Robert J. Musso was appointed as Chapter 7 trustee of Li's estate.  ¶ 2; *see also* Doc. 39-2 at 2.

---

[4] The Court is permitted to take judicial notice of Li's filings in the Bankruptcy Case (Doc. 37) in resolving the motion for judgment on the pleadings.  "On a [Rule] 12(c) motion, the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice . . . .'" *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (citation omitted).  Specifically, "courts routinely take judicial notice of documents filed in other courts . . . not for the truth of the matter asserted in the other litigation, but rather to establish the fact of such litigation and related filings."  *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991); *see also Medcalf v. Thompson Hine LLP*, 84 F. Supp. 3d 313, 321 (S.D.N.Y. 2015) ("In considering a motion to dismiss, a court is permitted to take judicial notice of public records, which includes complaints and other documents filed in federal court."); *Missere v. Gross*, 826 F. Supp. 2d 542, 552 n.5 (S.D.N.Y. 2011) (explaining that a motion for judgment on the pleadings is "governed by the identical standard of review" as a motion to dismiss (citation and quotation marks omitted)).

Attached to her bankruptcy petition, Li listed her assets and liabilities under Schedules A/B, as well as the property she claimed as exempt under Schedule C.[5] *See* Doc. 15-2 at 11–22 ("the Original Schedules"). She also filed a sworn declaration that her representations in the Original Schedules were true and correct. *Id.* at 10. The Original Schedules did not disclose the NYLL and FLSA claims asserted against MRBI in the instant case as assets of her estate. *Id.* at 18. On March 25, 2019, the Bankruptcy Court held the initial meeting of creditors, pursuant to § 341 of the Bankruptcy Code. *See* Doc. 39-2 at 3. On March 27, 2019, Musso filed a "Chapter 7 Trustee's Report of No Distribution." *Id.* The Bankruptcy Court issued a final decree closing the Bankruptcy Case on July 18, 2019. *Id.* at 4.

Approximately one year later, on July 8, 2020, Li retained counsel to file suit against MRBI. Doc. 43 (Douglas B. Lipsky Decl.) ¶ 2. On August 14, 2020, Li filed an action in this District before Judge Mary Kay Vyskocil bringing the identical NYLL and FLSA claims ("the Labor Law Claims") alleged here ("the Prior Action"). *See Li v. MRBI*, No. 20-cv-6465 (MKV), Doc. 1 (Compl.). On March 23, 2021, MRBI wrote to the Court, advising that it intended to move to dismiss the action for lack of subject matter jurisdiction. No. 20-cv-6465, Doc. 23. It explained that, because Li's claims against MRBI accrued between January 7, 2013, and January 4, 2019 (*i.e.*, before she filed her bankruptcy petition on February 16, 2019), they belonged to her *estate*, and Li thus lacked standing to prosecute the action on her own behalf. *Id.* at 1. MRBI further noted that Li failed to disclose her legal claims against MRBI in the Original Schedules and that "[i]n the bankruptcy context, judicial estoppel is frequently invoked to prevent a party who fails to disclose a claim in bankruptcy proceedings from asserting that claim after discharge." *Id.* at 3 (quoting *Isnady v. Village of Walden*, No. 18-cv-2662 (NSR), 2019 WL 3252753, at *6 (S.D.N.Y. July 19, 2019)). On March 25, 2021, prior to filing

---

[5] Schedule A/B discloses the real property interests and personal property interests of the debtor, and Schedule C allows debtors to claim exemptions for certain property. *See* Doc. 15-2 at 11–22.

3

the motion to dismiss, MRBI entered into a stipulation of voluntary dismissal with Li, dismissing the Prior Action without prejudice. No. 20-cv-6465, Doc. 25.

Subsequently, on August 25, 2021, Li reopened her Bankruptcy Case and filed an Amended Schedule A/B and Amended Schedule C ("the First Amended Schedules") with the Bankruptcy Court on September 8, 2021. Doc. 39-2 at 5. The First Amended Schedules included Li's Labor Law Claims as part of her financial assets. Under the Amended Schedule A/B, Li listed the lawsuit against MRBI and listed the value of her Labor Law Claims as "unknown." *See* Doc. 15-6 at 9. Under the Amended Schedule C, Li claimed an exemption with respect to the Labor Law Claims, pursuant to New York Civil Practice Law and Rules ("C.P.L.R.") § 5205.[6] *Id.* at 14. By claiming an exemption, Li protected the assets listed on her Amended Schedule C from being seized and sold by the bankruptcy trustee to pay off creditors. Li listed the amount of the exemption she claimed as to the Labor Law Claims as "unknown" and their current value as "unknown," as well.[7] *Id.*

On January 21, 2022, nearly ten months after Li voluntarily dismissed the Prior Action and four months after filing the First Amended Schedules, Musso, as trustee of Li's Chapter 7 estate, retained the same law firm that had represented Li in the Prior Action and filed this action against MRBI. Doc. 1. The complaint that was filed in the instant action is almost identical to the complaint filed in the Prior Action. *Compare* Doc. 1 *with* No. 20-cv-6465, Doc. 1.

On February 25, 2022, the Court held a pre-motion conference regarding MRBI's anticipated motion to dismiss the action for lack of subject matter jurisdiction. Doc. 7, Feb. 25, 2022 Minute Entry. Shortly after the pre-motion conference, on March 2, 2022, Li amended the First Amended Schedules. *See* Doc. 15-7 ("the Second Amended

---

[6] C.P.L.R. § 5205 allows some personal property to be exempt from application to the satisfaction of money judgments.

[7] There were no objections to the First Amended Schedules. *See* Doc. 39-2.

4

Schedules"). The only difference between the First and Second Amended Schedules is that under the Second Amended Schedule C, Li checked a box exempting an amount equal to "100% of the fair market value, up to any applicable statutory limit" with respect to the Labor Law Claims. *See* Doc. 15-7 at 13. She still, however, listed the exemption amount as "unknown."[8] *Id.*

On March 18, 2022, MRBI moved to dismiss the complaint, arguing that Musso still lacked standing because the Second Amended Schedules continued to exempt the Labor Law Claims from Li's Chapter 7 estate. Doc. 13.

On May 5, 2022, Li filed amended schedules for the third time with the Bankruptcy Court. *See* Doc. 23 at 3–15 ("the Third Amended Schedules"). Under the Third Amended Schedule C, with respect to the Labor Law Claims, Li claimed "$0" as exempt from her estate and also removed the checkmark from the box exempting an amount equal to "100% of the fair market value." *Id.* at 15. She further indicated that she owned "$0" of the Labor Law Claims and deleted the prior reference to CPLR § 5205. *Id.*

MRBI's motion to dismiss was denied on March 21, 2023. Doc. 25. The Court found that, since the Third Amended Schedule C reflected that Li had not exempted the Labor Law Claims, Li's Chapter 7 Trustee, Musso, had standing. *Id.* at 7–12.

On April 20, 2023, MRBI filed its answer to Li's complaint (Doc. 29), and, on April 21, 2023, MRBI amended its answer (Doc. 31). MRBI filed the instant motion for judgment on the pleadings on June 14, 2023, arguing principally that the Labor Law Claims are time-barred. Doc. 37.

## II.    LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for

---

[8] There were no objections to the Second Amended Schedules. *See* Doc. 39-2.

5

judgment on the pleadings." Fed. R. Civ. P. 12(c). "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that [for granting] a Rule 12(b)(6) motion for failure to state a claim." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020) (alteration in original) (citation omitted). Accordingly, a motion for judgment on the pleadings should be granted "if, from the pleadings, the moving party is entitled to judgment as a matter of law." *Burns Int'l Sec. Servs., Inc. v. Int'l Union*, 47 F.3d 14, 16 (2d Cir. 1995) (per curiam). The Court accepts as true the pleadings' factual allegations and draws all reasonable inferences in the non-movant's favor. *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014); *see also Lombardo v. Dr. Seuss Enter., L.P.*, 279 F. Supp. 3d 497, 505 (S.D.N.Y. 2017) (noting that, in considering a motion for judgement on the pleadings, "all pleadings . . . are taken to be true, subject to the same plausibility standard that applies on a Rule 12(b)(6) motion").

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). However, this "flexible plausibility standard" is not a heightened pleading standard, *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 n.3 (2d Cir. 2007) (internal quotation marks and citation omitted), and "a complaint . . . does not need detailed factual allegations" to survive a motion to dismiss, *Twombly*, 550 U.S. at 555.

The question on a motion to dismiss "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 615 (S.D.N.Y 2012) (quoting *Villager Pond, Inc.*

*v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995)). Indeed, "the purpose of Federal Rule of Civil Procedure 12(b)(6) is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits" or "weigh[ing] the evidence that might be offered to support it." *Halebian v. Berv*, 644 F.3d 122, 130 (2d Cir. 2011) (internal quotation marks and citation omitted).

"For purposes of this rule, the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (internal quotation marks omitted).

### III. DISCUSSION

MRBI claims that it is entitled to judgment on the pleadings because Li's FLSA claims are time-barred. Doc. 38 ("Def.'s Mem.") at 2. Additionally, MRBI argues that if Li's claims under the FLSA are dismissed because they are time-barred, the Court should decline to exercise supplemental jurisdiction over Li's substantially identical claims under the NYLL. *Id*. The FLSA provides a two-year statute of limitations for claims of unpaid minimum wages or unpaid overtime compensation and a three-year period for willful violations. 29 U.S.C. § 255(a). Li alleges that MRBI's violations of the FLSA were willful (¶ 42), and, since the Court accepts all factual allegations in the pleadings as true on a motion for judgment on the pleadings, the applicable statute of limitations is three years. Because Li's employment with MRBI was terminated on January 4, 2019 (¶ 28), the three-year statute of limitations expired on January 4, 2022. *See also* Def.'s Mem. at 7. Li filed her Complaint with this Court on January 21, 2022, which rendered her action untimely. *Id.*

However, Li contends that her FLSA claims are not time-barred because equitable tolling applies. Doc. 42 ("Pl.'s Opp. Mem.") at 4. "Equitable tolling generally may be applied to avoid inequitable circumstances and may be applied as a matter of fairness

7

where a [party] has been prevented in some extraordinary way from exercising his rights." *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 200 (S.D.N.Y. 2006) (internal quotation marks and citations omitted). It is the plaintiff's burden to show that equitable tolling is warranted. *Bowers ex rel. NYSA-ILA Pension Tr. Fund v. Transportacion Maritima Mexicana, S.A.*, 901 F.2d 258, 264 (2d Cir. 1990).

When determining whether equitable tolling applies, the Second Circuit has considered the following two factors: (1) whether the plaintiff has acted with reasonable diligence during the period she seeks to have tolled, and (2) whether the plaintiff has proved that circumstances are so extraordinary that the doctrine should apply. *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80–81 (2d Cir. 2003). The two factors are related in that a plaintiff's pursuit of their claims with reasonable diligence establishes the causal link between an extraordinary circumstance and a late filing. *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (noting that the petitioner is required "to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing").

Li presents two arguments for why her FLSA claims should be equitably tolled. First, Li argues that MRBI failed to post a notice or otherwise advise its employees of their right to a minimum wage or overtime and, as a result, the statute of limitations should be tolled from January 4, 2019 to July 8, 2020—the date that Li secured counsel. Pl.'s Opp. Mem. at 4. Second, Li contends that equitable tolling is warranted because she actively pursued her Labor Law Claims in the Prior Action, which was filed within the statutory period. *Id.* The Prior Action was defective because Li lacked standing to assert her Labor Law Claims due to her failure to disclose them in her personal bankruptcy proceeding. *Id.* Finally, Li asserts that she acted with reasonable diligence during the statutory period. *Id.* at 9. Accordingly, Li argues that the statute of limitations should be tolled from August 14, 2020, when the Prior Action was filed, to March 25, 2021, when Li voluntarily dismissed that Complaint due to her lack of standing. *Id.* at 4–5.

8

The Court finds that equitable tolling is not warranted based on either argument that Li makes.

### A. Plaintiff Was Aware of Her Right to Overtime Pay

Li argues that equitable tolling is appropriate because MRBI failed to post the required notices advising its employees of their right to a minimum wage and overtime, and such failure constitutes an extraordinary circumstance. Pl.'s Opp. Mem. at 6. One of the *Zerilli-Edelglass* factors to consider in determining if equitable tolling applies is whether the plaintiff faced an extraordinary circumstance that prevented the timely filing of their complaint. *See Zerilli-Edelglass*, 333 F.3d at 81. An employer's failure to provide notice of employees' rights can constitute an extraordinary circumstance. *Kone v. Joy Constr. Corp.*, No. 15-cv-1328 (LTS), 2016 WL 866349, at *2 (S.D.N.Y. Mar. 3, 2016) ("In the context of the FLSA, courts have found that such extraordinary circumstances may exist where an employer has failed to post notice of employees' rights under the statute . . . .").

However, even if the defendant fails to post adequate notice of its workers' rights, the plaintiff must show that they did not learn of these rights through other means. *See, e.g., Upadhyay v. Sethi*, 848 F. Supp. 2d 439, 445 (S.D.N.Y. 2012) ("[F]ailure [to post wage and overtime notices] is not by itself sufficient to warrant equitable tolling; plaintiff must also show that she had not received notice of her rights through any other avenue."); *Lanzetta v. Florio's Enters., Inc.*, 763 F. Supp. 2d 615, 622–23 (S.D.N.Y. 2011) ("[F]ailure to provide an employee the notice required by the FLSA may be a sufficient basis for tolling . . . but only if that failure contributed to the employee's unawareness of his rights."); *Saunders v. City of New York*, 594 F. Supp. 2d 346, 363–64 (S.D.N.Y. 2008) ("[A] failure to post alone does not necessitate equitable tolling. If plaintiffs knew of the rights outlined on the required notice despite the failure to post, then equitable tolling is unavailable.").

Li asserts that "[t]hroughout her employment," she complained to general manager Sherman Ngan about MRBI not paying its employees overtime premium pay. ¶ 25. It is therefore clear that Li was aware of her right to overtime pay regardless of whether MRBI provided her with such notice. Consequently, Li is not entitled to equitable tolling based on a failure of MRBI to provide notice.[9]

### B. Plaintiff Fails to Establish That Extraordinary Circumstances Caused Her Late Filing

#### 1. *Li Filed a Defective Pleading During the Statutory Period*

Li argues that equitable tolling is also appropriate because she actively pursued her judicial remedies during the statutory period, but her initial complaint was defective because she lacked standing. Pl.'s Opp. Mem. at 8–10. Filing a defective complaint within the specified time period of the statute of limitations may constitute an extraordinary circumstance that can warrant equitable tolling. *In re Frankl*, 620 B.R. 220, 227–28 (S.D.N.Y. Aug. 6, 2020) (noting that "extraordinary circumstances may be present . . . where the plaintiff actively pursued judicial remedies but filed a defective complaint during the specified time period"); *see also Napolitano v. Teachers College, Columbia University*, No. 19-cv-9515 (MKV), 2023 WL 1965690, at *4 (S.D.N.Y. Feb. 13, 2023) ("[B]oth the Supreme Court and the Second Circuit have specifically said that tolling is appropriate when a plaintiff timely files a defective complaint." (citing *Burnett v. New York Central R. Co.*, 380 U.S. 424 (1965); *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974))).

#### 2. *Li's Defective Pleading Did Not Cause the Lateness of Her Filing*

Although Li may have filed a defective pleading in the Prior Action, she fails to show that the defective pleading caused the subsequent late filing. Li voluntarily dismissed her Prior Action because of a lack of standing on March 25, 2021, at which

---

[9] While the parties dispute whether a poster detailing employees' FLSA rights was in fact posted in MRBI's workplace (*compare* Pl.'s Opp. Mem. at 4, *with* Doc. 47 ("Def.'s Reply Mem.") at 5), the Court is not required to make a factual determination between conflicting affidavits to resolve this issue because it is clear from the face of the complaint that Li was aware of her right to overtime pay (*see* ¶ 25).

point she still had over nine months remaining to initiate a new case within the applicable statute of limitations, which expired on January 4, 2022. Li's Bankruptcy Case was reopened on August 25, 2021; and Li filed her First Amended Schedules in order to rectify the standing defect in her initial complaint on September 8, 2021. Doc. 39-2 at 5. However, Li waited an additional four months to file the instant action on January 21, 2022, despite the fact that the same law firm was representing her in the subsequent action and the complaint filed in the subsequent action was nearly identical to the complaint filed in the Prior Action. *See* Doc. 1.

Since Li failed to initiate a case from March 25, 2021 to January 4, 2022, during which time she did not face any extraordinary circumstances—if anything, initiating a new case was a distinctly simple task that merely involved refiling a complaint that had already been researched and prepared by the same counsel in the Prior Action—Li cannot rely on her defective pleading in the Prior Action to invoke equitable tolling. *See Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011) ("A court may conclude that . . . causation is lacking where the identified extraordinary circumstances arose and concluded early within the limitations period. In such circumstances, a diligent petitioner would likely have no need for equity to intervene to file within the time remaining to him."); *Valverde*, 224 F.3d at 134 (noting that "if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances," a causal relationship has not been established between the extraordinary circumstances and lateness of the filing). Because Li fails to provide the causal link between the extraordinary circumstances she faced and her late filing, equitable tolling is unavailable to her.

### C. Plaintiff Failed to Exercise Reasonable Diligence

MRBI contends that Li did not pursue her rights with respect to the Labor Law Claims diligently because there is no explanation for Li's delay in reopening her Bankruptcy Case and for the delay in commencing the instant action after the Bankruptcy

11

Case was reopened. Def.'s Mem. at 10. Li argues that she is only required to show reasonable diligence during the seven month-period that the Prior Action was pending and what transpired after the voluntarily dismissal of her initial complaint is irrelevant. Pl.'s Opp. Mem. at 9–10.

Courts look at the entire statutory period when assessing reasonable diligence, so Li is required to show diligence beyond the dismissal of her Prior Action. *See, e.g., Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001) ("In a case where the alleged extraordinary circumstances ceased early in the limitations period, we inquire whether the petitioner diligently pursued his application in the time remaining."); *Fisher v. Johnson*, 174 F.3d 710, 716 (5th Cir. 1999) (holding that equitable tolling is not permissible "absent a showing that [the petitioner] diligently pursued his application the remainder of the time [between the extraordinary circumstance and the filing deadline] and still could not complete it on time").

Li had 285 days between March 25, 2021, when her Prior Action was dismissed, and the expiration of the three-year statute of limitations, on January 4, 2022, to commence a new action. Because Li could have amended her bankruptcy schedules to correct the standing defect in her complaint and filed a new action within these 285 days if she was acting with reasonable diligence, equitable tolling is unavailable to her. *See Hizbullahankhamon*, 255 F.3d at 75 ("petitioner failed to exercise reasonable diligence by waiting over 250 days before filing his first [motion]" (internal quotation marks and citations omitted)). Accordingly, the Court dismisses the FLSA claims with prejudice.

### D. The Court Declines to Exercise Supplemental Jurisdiction Over the Remaining State Law Claims

Federal district courts have supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The doctrine of supplemental jurisdiction is traditionally "a doctrine of

discretion, not of plaintiff's right." *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Subsection (c) of § 1367 enumerates circumstances in which a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a)." 28 U.S.C. § 1367(c). One such circumstance is where, as here, "the district court has dismissed all claims over which it has original jurisdiction." § 1367(c)(3).

Once a district court's discretion is triggered under § 1367(c)(3), it balances the traditional "values of judicial economy, convenience, fairness, and comity" in deciding whether to exercise jurisdiction. *Kolari*, 455 F.3d at 122 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). The Supreme Court has noted that in a case where all federal claims are eliminated before trial, "the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (alteration in original) (quoting *Cohill*, 484 U.S. at 350 n. 7); *see also Gibbs*, 383 U.S. at 726 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. . . . [I]f the federal law claims are dismissed before trial . . . the state claims should be dismissed as well."). Accordingly, as Li's federal claims have been dismissed with prejudice, the Court declines to exercise jurisdiction over the remaining state law claims.

## IV. CONCLUSION

For the reasons set forth above, MRBI's motion for judgment on the pleadings is GRANTED. The Clerk of Court is respectfully directed to terminate the motion (Doc. 37) and close the case.

It is SO ORDERED.

Dated:  November 16, 2023
        New York, New York

_____<br>
EDGARDO RAMOS, U.S.D.J.